NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1876
_____

MICHAEL ROMANO,
Appellant

v.

WARDEN, FCI Fairton
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1:23-cv-02919)
District Judge: Honorable Christine P. O'Hearn
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 20, 2026

Before: RESTREPO, BIBAS and FISHER, *Circuit Judges*.

(Filed: June 29, 2026)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

In 2011, Michael Romano was convicted of conspiracy to commit fraud and

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

money laundering and sentenced to twenty years in prison. In June 2022, the Bureau of Prisons placed Romano in home confinement pursuant to a provision in the Coronavirus Aid, Relief, and Economic Security (CARES) Act. But only twenty-seven days later, the BOP changed its mind and returned Romano to prison without notice or a hearing. Romano filed a *habeas* petition, arguing that the revocation of home confinement violated his procedural and substantive due process rights. The District Court dismissed the petition for lack of jurisdiction, holding that revocation from home confinement is not a cognizable claim under 28 U.S.C. § 2241. Romano appeals. However, because Romano has since been released from prison pursuant to a compassionate-release order,[1] we will dismiss the appeal as moot.[2]

"[F]ederal courts may adjudicate only actual, ongoing cases or controversies."[3] This requirement "continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome."[4] To demonstrate a personal stake in the outcome, "the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a

---

[1] 18 U.S.C. § 3582(c)(1)(A).

[2] Jurisdiction is at issue in this case. "[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction." *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 142 (3d Cir. 2017), *as amended* (Apr. 19, 2017) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). We have jurisdiction pursuant to 28 U.S.C. § 1291 (final decisions of district courts). *Id.* We review jurisdictional questions *de novo*. *Id.*

[3] *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).

[4] *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009).

favorable judicial decision.'"[5] Romano is no longer in prison, although the compassionate-release court did order him to spend the first year of this three-year supervised release under the conditions of home detention.

Because Romano is now out of prison and at home, the Government argues that he fails to present an injury that a favorable decision from a federal court will likely redress and, therefore, that the action is moot. Romano disagrees and argues that this action is not moot because the restrictive conditions of his supervised release—that is, the home detention conditions—"directly flow from the government's violation of his rights."[6] Specifically, Romano contends that the Government argued that he should spend the same amount of time in home detention as he was scheduled to spend in BOP custody after his CARES Act home confinement was revoked. He concludes that this case is not moot because we could agree that the revocation of CARES Act home confinement was unlawful and that he could then seek removal of the home detention conditions or other relief.

An action does not become moot simply because a *habeas* petitioner is released from prison.[7] But when a prison sentence has expired, "some continuing injury, also referred to as a collateral consequence, must exist for the action to continue."[8] We

---

[5] *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477).
[6] Romano Supp. Br. 4.
[7] *See Jago v. Van Curen*, 454 U.S. 14, 21 n.3 (1981) (per curiam).
[8] *Burkey*, 556 F.3d at 147.

presume the existence of a collateral consequence when a petitioner is still serving a term of supervised release and he challenges the reasonableness of his supervised release term.[9] However, when a petitioner attacks only the BOP's actions and argues that those allegedly unlawful actions could serve "as the basis for the sentencing court to now afford him relief against an indisputably valid term of supervised release," the petitioner "must demonstrate that collateral consequences exist; they will not be presumed."[10] Romano falls squarely within the latter group, so he "must demonstrate that collateral consequences exist."[11]

A potential collateral consequence is not sufficient to avoid mootness if the consequence is "pure speculation" or merely possible.[12] Because a petitioner must demonstrate an injury "likely to be redressed by a favorable judicial decision,"[13] the petitioner's proffered collateral consequence must be "a certainty" or, at least, probable.[14] Romano does not offer any collateral consequences that meet this likelihood threshold. Before modifying Romano's supervised-release conditions, a court would need to consider the applicable factors described in 18 U.S.C. § 3553(a).[15] We can only speculate

---

[9] *See United States v. Jackson*, 523 F.3d 234, 242 (3d Cir. 2008).

[10] *Burkey*, 556 F.3d at 148.

[11] *Id.*

[12] *Id.*

[13] *Lewis*, 494 U.S. at 477.

[14] *Burkey*, 556 F.3d at 148 (quoting *Spencer*, 523 U.S. at 14).

[15] *See* 18 U.S.C. § 3583(e) (outlining factors that courts must consider when modifying conditions of supervised release).

as to the result of this "discretionary decision,"[16] which depends on both fixed considerations—like the nature of Romano's offense—and more dynamic considerations. Accordingly, Romano fails to demonstrate a collateral consequence.

Next, Romano argues that, because the Government has consistently "opposed all forms of relief," there remains a "serious risk of government interference with his ongoing liberty."[17] He contends that the Government's past actions create a "reasonable expectation" that the Government will try to revoke his current home detention or otherwise meddle in his early release.[18] Indeed, we recognize an "exception to the mootness doctrine for cases that are 'capable of repetition, yet evading review.'"[19] But the challenged conduct here is not reasonably likely to recur because court-ordered compassionate release is much different than CARES Act home confinement—the Government cannot revoke his supervised release without first obtaining a court order through the process established under Rule 32.1 of the Federal Rules of Criminal Procedure.[20] Home confinement and stronger due-process protections are the forms of relief Romano seeks in his petition, and he now has them, along with a reduced sentence. There is nothing more the federal courts can do for him.

---

[16] *Burkey*, 556 F.3d at 149.
[17] Romano Resp. to Gov't Supp. Br. 5.
[18] *Id.* (quoting *Spencer*, 523 U.S. at 17).
[19] *Spencer*, 523 U.S. at 17 (citation omitted).
[20] *See* 18 U.S.C. § 3583(e).

Finally, if we determine this action is moot, Romano asks us to vacate the District Court's decision under *United States v. Munsingwear, Inc.*,[21] which holds that we should vacate the judgment in an action that is moot when necessary to prevent the judgment "from spawning any legal consequences."[22] But "*Munsingwear . . .* is not universally applicable to all cases which seemingly become moot anytime during the appellate process."[23] Rather, *Munsingwear* vacatur applies "where a controversy presented for review has 'become moot due to circumstances unattributable to any of the parties'" or "where mootness results from the unilateral action of the party who prevailed in the lower court."[24] Neither of those scenarios describes the circumstances of this action, which is moot because Romano, the non-prevailing party below, successfully petitioned for compassionate release. Therefore, we will decline to vacate the District Court judgment.

For the foregoing reasons, we will dismiss the appeal as moot.

---

[21] 340 U.S. 36 (1950).
[22] *Id*. at 41.
[23] *Humphreys v. Drug Enf't Admin.*, 105 F.3d 112, 114 (3d Cir. 1996).
[24] *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 23 (1994) (quoting *Karcher v. May*, 484 U.S. 72, 83 (1987)).